**THE UNITED STATES DISTRICT COURT**
**NORTHER DISTRICT OF OHIO**
**EASTERN DIVISION**

MATTHEW SHROYER, et al.,            )       CASE NO.:  5:12CV748
                                    )
                                    )
        Appellants,                 )       JUDGE JOHN ADAMS
                                    )
        v.                          )       **OPINION AND ORDER**
                                    )
ROSEANN DEVICH,                     )
                                    )
                                    )
                                    )
        Appellee.                   )


Appellants Matthew and Gina Shroyer appeal the bankruptcy court's determination of dischargeability pursuant to 11 U.S.C. 1328(a)(4).  The Shroyers filed their brief, and Appellees, Eli and Roseann Devich file their response brief.  The matter is now ripe for review by this Court.  This Court AFFIRMS.

### I.  Facts

On July 27, 2010, the Shroyers filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.  On November 9, 2010, the Devichs filed the underlying action, requesting the Bankruptcy Court to determine whether alleged damages arising out of an incident with the Shroyers' dog was dischargeable under 11 U.S.C. 523 (a)(6).   During trial, however, the parties agreed that the action should proceed under 11 U.S.C. §1328(a)(4).

At issue in this case is an alleged incident involving the Shroyers' unleashed dogs.  In 2008, the Shroyers and the Devichs were neighbors.  The Shroyers owned three dogs; two golden retrievers and a mastiff.  Rosann Devich claims that the dogs were regularly loose from their yard, and had approached her on her own property many times.  In an effort to curtail this

issue, the Shroyers installed an electric fence. The Shroyers were aware that their dogs had run after their neighbors in the past. There was no evidence and no one contended that the dogs had ever bitten anyone. On November 11, 2008, Roseann Devich claimed that while she went outside to get her mail, at least one of the Shroyers' dogs escaped from the Shroyers' property and ran toward her. The dog was not on a leash. As the dog ran toward her, Roseann Devich attempted to go into her home and stumbled on the porch, grabbing at the post on the front porch to save her from falling. Gina Shoyer watched as the dog ran toward Roseann Devich. Roseann Devich claims that as a result of this incident she suffered personal injury.

As a result of her claim of personal injury, the Devichs sought a decision from the Bankruptcy Court as to whether any award for personal injury would be dischargeable from the Shroyers' bankruptcy action, the Bankruptcy Court noted specifically that the "nature and extent of Mrs. Devich's claim is not before this Court, and this Court expresses no opinion on the nature and extend of any of those alleged injuries. In fact, at the January 11, 2011 Pretrial Conference, the Court specifically informed counsel that this Court does not liquidate damages.

On November 4, 2011, the Bankruptcy Court held a trial on this matter. The Bankruptcy Court heard testimony from Roseann Devich, the Shroyers, and Karen Williams, another neighbor. The Bankruptcy Court further considered evidence in the form of exhibits and stipulations. At the conclusion of the trial, the Court left the record open to allow the parties to file a copy of the relevant dog leash law that was in effect on November 11, 2008, the date of the incident. Further, the Court accepted and considered post-trial briefs regarding the significance of 11 U.S.C. §1328(a)(4) versus 11 U.S.C. §523(a)(6). In an Order dated February 10, 2012, the Bankruptcy Court determined that "[b]ased upon the parties' stipulations, the testimony and evidence presented at trial, the arguments of counsel, the pleadings, and pursuant to

Fed.R.Bankr.P 7052, the Court determines that Mrs. Devich's damages, if any, are excepted from the Debtor's discharge."

On March 27, 2012, the Shroyers appealed the Bankruptcy Court's decision to this Court. The record was submitted on appeal and the parties filed their briefs, which are now fully ripe before this Court for review.

## I.  Standard of Review and Applicable Law

The Bankruptcy Court determined that Roseann Devich's damages were excepted from the Shroyers' bankruptcy discharge pursuant to 11 U.S.C. §1328(a)(4).

A federal district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). On appeal, a district court reviews the bankruptcy court's finding of fact under a clearly erroneous standard, but reviews de novo the bankruptcy court's conclusions of law. *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629, 631 (6th Cir.1994).  The disjointed and unorganized structure of the Shroyers' brief makes it virtually impossible for the Court to ascertain the actual alleged errors.  However, the Court has endeavored and a thorough review reveals no error in the Bankruptcy Court's analysis.

The parties agreed that this case was properly considered under 11 USC §1328(a)(4). This section provides an exception from discharge for any debt "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual."

## II.  Analysis

At issue is the Bankruptcy Court's determination that Roseann Devich's injuries were caused by the Shroyers willful or malicious conduct and thus not dischargeable.  The Shroyers' summarize their arguments as the "court overwhelmingly ignored the evidence that the

Plaintiff's injuries were either pre-existing or non-existent and that the evidence did not establish that the injury sought to be denied discharge constituted 'willful or malicious injury by the debtor that caused personal injury' to the Plaintiff as required in Section 1328(a)(4) of the U.S. Bankruptcy Code within the meaning of the law." The Shroyers contend that Roseann Devich's testimony was not credible, no evidence or corroborating evidence was presented by the Devichs in support of her statements that she sustained injuries as a result of the Shroyers' conduct.

As the Bankruptcy Court properly stated, the appropriate law to be applied in this case is in 11 U.S.C. §1328(a)(4) as opposed to 11 U.S.C. §523(a)(6)[1]. The Bankruptcy Court explained that Section 1328(a)(4) was added in 2005 and therefore applies to all cases filed after October 17, 2005. Notably, Section 1328(a)(4) excepts  from bankruptcy discharge "any debt "for restitution, or damages, awarded in a civil action against the debtor as a result of *willful or malicious injury* by the debtor that caused personal injury to an individual or the death of an individual." (Emphasis added). This is distinguished from Section 532(a)(6) which excepts from bankruptcy discharge any debt "for *willful **and** malicious* injury by the debtor to another entity or to the property of another entity." As such, in order for the Bankruptcy Court to find that the Devichs' personal injury claim is nondischargeable, the Devichs' had to prove 1) the existence of a claim for personal injury; 2) the existence of a willful *or* malicious injury; and 3) the existence of damages in a civil action.

**a.  The Injury**

It appears that the crux of the Shroyers' appeal is that the trial court erred in concluding that Roseann Devichs testimony was enough to establish that she suffered in injury in accordance with Section 1328.  Specifically, the Court concluded that "Mrs. Devich testified to the

---

[1] The Complaint in the underlying bankruptcy case asserted that 11 U.S.C. §523(a)(6) was the appropriate section. However, during the trial, the parties agree that this action should proceed under 11 U.S.C. 1328(a)(4).

existence of a personal injury as a result of the incident.  As stated above, at the January 11, 2011 Pretrial Conference, this Court made it clear that it would make no determination as to the nature and extent of Mrs. Devich's injuries.  That is an issue that is appropriately decided in state court."  The Bankruptcy Court determined that Roseann Devich met her burden *for purposes of this case* to establish the existence of a claim for personal injury.  The Bankruptcy Court repeatedly explained on the record that it was not within its province of its review to determine the amount of damages.

Testimonial evidence revealed that in fact, Rosanne Devich was injured when she was attempting to retreat from the Shroyers' dogs.  The Shroyers appear to argue that this testimonial evidence does not carry as much weight as medical records or other documentary evidence of Roseanne Devich's injury.  This argument is without merit.  While certainly, medical evidence *could have* been presented to bolster her testimony, the Shroyers do not point to any legal authority that this type of testimony *must have* been presented to support her claim.  Roseanne Devich clearly testified that she was injured in her lower back, groin area, leg and arm as a result of the dog incident.  She stated that she sought treatment, including physical therapy, pain medications or injections as a result of the injuries that she sustained in the dog incident.  She explained that she was did not have this pain prior to the dog incident and that the pain emerged immediately after the incident.  The causal connection between the incident and her alleged injuries is clear from her testimony.

To the extent that the Shroyers challenge Roseanne Devich's credibility, this Court recognizes that the Bankruptcy Court was in a better position to judge credibility, and as such, must give due regard to its evaluation of witnesses.  *Sturm v. U.S. Trustee*, 455 B.R. 130, 134 (N.D. Ohio, 2011), citing Federal Bankruptcy Rule 8013 ("Findings of fact, whether based on

oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.")

Upon review of the transcript, this Court declines to question the Bankruptcy Court's decision on the credibility of Roseanne Devich.  As such, this Court affirms the Bankruptcy Court's conclusion that the Devichs fulfilled their duty to prove the existence of a claim for personal injury.

### b.  Willful OR Malice

The Shroyers contend that the Devichs failed to show that the Shroyers acted willfully *or* maliciously toward Roseann Devich.  The Bankruptcy Court concluded that Shroyers' acted willfully.

The Bankruptcy Court explained that the definitions of willful and malicious are the same as those applicable to 11 U.S.C. 523. *See In re Lowther,* 2011 WL 61603 at *2 (Bankr. E.D. N.C.). Although "differences exist between the discharge provisions of § 523 and § 1328; however, there is no impact on the definitions of the terms willful and malicious. The key difference in the analysis of the present case lies in the lesser burden on the plaintiff. Pursuant to § 1328(a)(4) the plaintiff must only show that the defendant's actions satisfy one of the statutory requirements, not both.

A finding of willfulness mandates 'a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury.'" Id. (quoting *In re Buck*, 406 B.R. 703, 706 (Bankr. E.D.N.C 2009)(citing, *In re Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998))).  In other words, "[i]n order to meet this standard, the act must be intentional, and the defendant-debtor must have desired or anticipated that injury would result from the act." *In re*

*Owens*, 449 B.R. 239, 254 (Bankr. E.D.Va. 2011).  Accordingly, "[i]f, by preponderance of the evidence, Plaintiff shows that Defendant held the subjective motive and intent that the consequences of his actions were the anticipated result, then Plaintiff has satisfied the willfulness element."  Id. at 522.

The Bankruptcy Court concluded that "it is clear based upon all of the Shroyers' actions, that they had the intent that the consequences of their actions (Mrs. Devich's injuries) were the anticipated result.  Accordingly, the Shroyers acted willfully."  This conclusion was based upon testimony that the Shroyers knew their dogs had been getting out of their yard, yet did not take any effective action to remedy the situation.  In fact, testimony revealed that the Shroyers informed the Devichs that they intended to allow their dogs to roam free.  The Bankruptcy Court also acknowledged that the Shroyers knew of Roseann Devich's concerns about the dogs.  The record shows that the Shroyers were well aware of their dogs' behavior.  As evidence of this awareness, they installed an electric fence.  By their own admission, however, the fence was rendered useless because they rarely put the collars on the dogs.  Testimony showed that in fact, two days after the incident, the dogs chewed off their collars.

Further, the Shroyers' dogs were big dogs.  As such, allowing these three large animals to roam around the neighborhood despite the leash law requirements and despite neighbor complaints, this Court can only conclude that the Shroyers had the subjective motive and intent that the consequences of their inaction in constraining their dogs, that someone would get hurt trying to avoid them, was the anticipated result.  This is particularly because Roseann Devich's response to the charging dogs, to turn and flee in fear, was not the first time she had expressed her concerns about the dogs to the Shroyers.  Accordingly, the Court AFFIRMS the reasoning of the Bankruptcy Court on this issue.  Further, this Court has explained above that dischargeability

is based on a finding of *either* willfulness *or* malice.  As the Court agrees that the action was willful, there is no need to determine whether it was also malicious.

### c.   The Existence of Damages in a civil action

The Bankruptcy Court concluded that there is no requirement that the Devichs obtain a judgment pre-petition and that the underlying action need not be liquidates on the date of the petition.  Citing *In re Waag,* 418 B.R. 373, 381 (BAP 9th Cir. 2009).  The Shroyers conceded to this rule of law in their post-trial briefs and do not contest the issue here.  Therefore, this Court will not pass judgment on this conclusion.

## III.   Conclusion

The Shroyers' assignments of error are overruled.  The judgment of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED.

March 27, 2013                          _/s/ John R. Adams_____
                                        JUDGE JOHN R. ADAMS
                                        UNITED STATES DISTRICT COURT